May Term, 1838.

HUNT
v.
JORDAN.

---

### HUNT and WIFE *v.* JORDAN and Others.

Under the statute of 1831 regulating descents, the widow of a person dying intestate without issue—leaving a father, mother, brothers or sisters or their descendants—is entitled to only 100 dollars of his personal estate, and one-third of that part of it which remains for distribution.

Tuesday,
June 5.

ERROR to the *Gibson* Probate Court.

DEWEY, J.—*River Jordan* died intestate without issue, leaving a widow, mother, brothers, and sisters. His personal property was more than sufficient to pay his debts; administration of his estate was granted; his widow married, and her husband received from the administrator 100 dollars, and also one-third of the personal assets subject to distribution. She and her husband filed their bill in chancery before the Probate Court against the administrator and others, stating the above facts. The object of the bill is to recover all the personal estate of

*River Jordan*, to the exclusion of his mother, brothers, and sisters. The defendants demurred; the demurrer was allowed; and the bill dismissed.

The only question presented for our consideration is, whether, under the statute of descents, distribution, and dower, passed in 1831, (R. C. 207,) the widow of a person dying intestate without issue, but leaving a mother, brothers, and sisters, is entitled to the whole of his personal estate after the payment of debts?

The first section of that statute provides for the descent and distribution of the real and personal estate of an intestate to his children or their descendants *per stirpes;* saving to the widow her right of dower in all cases. The second section gives the estate, if there be no children or their descendants, to the father; if no father, to the mother, brothers and sisters and their descendants, in equal portions. The third and fourth sections provide for the inheritance of the real estate of a person dying intestate, in certain cases, in the paternal or maternal line of his ancestors agreeably to the origin of the estate. The former of these sections expressly recognises the brothers and sisters of the deceased as entitled, next to his issue, to his real estate. The latter has not this provision in words, but its spirit is probably the same. Both these sections are silent as to the wife of the intestate.

The fifth section reads thus: "The real and personal estate of persons dying intestate without issue, having no father or mother, brothers or sisters or descendants thereof, shall be divided into two equal parts, one of which shall go to the paternal, the other to the maternal kindred in the following order: first, to the grandfather, then to the grandmother; and if there be neither, then to uncles and aunts on each side and their descendants. *Provided*, however, the widow of such person dying intestate, and having no issue, shall be entitled to all of his personal estate and to half of his real estate." The sixth section is very obscurely and even ungrammatically expressed; but we understand its meaning to be, that when the intestate leaves neither children nor their descendants, father, mother, brothers or sisters or their descendants, and there is no paternal and maternal kindred to take one-half of the real estate as provided by the fifth section, then the whole of the estate, real and personal, shall go to the wife.

Other portions of the statute secure to the wife personal property to the amount of 100 dollars, one-third of the assets subject to distribution, and dower in the real estate.

The complainants found their claim to all the personal estate of the deceased husband of one of them upon the proviso attached to the fifth section. They contend that its operation is such as to exclude the father, mother, brothers, and sisters, as well as the grandfathers, grandmothers, uncles, aunts, &c. of a person dying intestate and without issue, from all participation in his personal property, and that it bestows the whole upon his wife.

We do not concur in this construction. To adopt it, would be to disregard that rule of interpretation, which requires that to every part of a statute, shall be given meaning and consistency if possible. To adopt it, would be, indeed, to say, that this proviso repeals the greater portion of the enactments which precede it, and even renders much of the section, to which it belongs, perfectly senseless. Still, had the legislature couched it in language clearly expressing their design to demolish, in a great measure, the system of descents and distribution, which they had just established, we must have given it that effect. But the phraseology of the proviso itself is ambiguous. The pronoun "such" refers to a class of persons described in the body of the section; the subsequent terms in the proviso "dying intestate and without issue," constitute a part of that description but not the whole. Hence the doubtful meaning of the proviso. To have made the description in it full, and consistent with the body of the section, as well as with the sense of "such," the words "father or mother, brothers or sisters or their descendants," should have followed the phrase, "dying intestate and having no issue." In the statute of 1817, (Acts of 1817, p. 141,) and in the R. C. of 1824, p. 155, the description in the provisos to sections similar to that under consideration was perfect, and the present ambiguity did not exist. Had the legislature, in 1831, designed to make the change in the law, which it is contended this proviso operates, we imagine they would have found a more effectual way of doing it, than by adopting the proviso in its present mutilated form. It is evident, we think, that the obscurity occasioned by omitting

a few words of the statute, which they were revising, is the effect of an inadvertency which was likely to occur, and not of a design scarcely rational.

If any doubt existed as to this matter, it would be entirely dispelled by reference to the sixth section already noticed. The construction which we have given that section, clearly shows the office of the proviso is only to qualify the provision of the section to which it belongs, so as to give to the wife the whole of the personal estate of the intestate, when he has left no kindred nearer than grandfathers, grandmothers, uncles, and aunts, or their descendants,—and that it was not designed to defeat the provisions which the statute had before made for nigher relatives.

It is our opinion, that under the statute of 1831 regulating descents, &c., the wife of a person dying intestate without issue—leaving a father, mother, brothers or sisters or their descendants—is entitled to only 100 dollars' worth of his personal estate, and one-third of that part of it which may remain for distribution. This the bill shows the complainants have received. It was therefore properly dismissed.

*Per Curiam.*—The decree is affirmed with costs. To be certified, &c.

*J. Pitcher* and *W. T. T. Jones*, for the plaintiffs.
*E. S. Terry*, for the defendants.